

**IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA**

DISTRICT COURT
**F I L E D**

**NOV 17 2025**

DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

JAMIE MASON,

               Plaintiff,

vs.

(1) TULSA COUNTY BOARD OF COUNTY
COMMISSIONERS
(2) SHERIFF VIC REGALADO (in his official
capacity)
(3) NICHOLAS MERCER (in his individual
capacity)

               Defendants.

**CJ-2025-05320**

**KEVIN GRAY**

CASE NO. _____

## PETITION

COMES NOW, Jamie Mason, by and through said party's attorneys, Cordal Cephas and Lashandra Peoples-Johnson of Johnson Cephas Law PLLC and for said party's action against the above-named Defendants for violations of his civil rights under 42 U.S.C. 1983 for false arrest, excessive force, and malicious prosecution.

### PARTIES JURISDICTION AND VENUE

1.     Insert jurisdictional and venue-related allegations.

2.     Plaintiff Jamie Mason (Plaintiff) is now, and all times relevant to this action has been a resident of Tulsa County, Oklahoma.

3.     Defendant Tulsa County Board of County Commissioners and Defendant Vic Regalado in his official capacity as Sherrif of Tulsa County, are Tulsa County officers and are proper parties by which to sue Tulsa County

4.      Defendant Nicholas Mercer is a Tulsa County Deputy Sherriff who on the time and date in question, February 24, 2023 effectuated the constitutionally violative arrest of Plaintiff.

5.      Jurisdiction and venue are proper in the District Court of Tulsa County, Oklahoma.

6.      This matter is being refiled pursuant to 12 O.S. §100 as CJ-2025-757 was dismissed without prejudice.


**FACTS**

7.      On February 24, 2023, Deputy Mercer made contact with a group of men that he identified as performing an improper tow within the city and county of Tulsa, Oklahoma.

8.      Deputy Mercer performed a traffic stop of one of the vehicles involved.

9.      When contacting Plaintiff Jamie Mason, Deputy Mercer noted that Mr. Mason was not under arrest and was not driving the vehicle which Deputy Mercer pulled over during the traffic stop.

10.     Defendant Mercer advised Plaintiff to take a step back from the scene. Mr. Mason complied with Defendant Mercer's request.

11.     Defendant Mercer, although He did not stop Plaintiff during the traffic stop, and had already advised Plaintiff that the Plaintiff was free to go, noticed the Defendant was filming the interaction and then decided that Plaintiff should be arrested.

12.     Plaintiff attempted to walk away, Defendant Mercer while acting under color of law then arbitrarily arrested the Defendant.

13.     During the arrest Defendant Mercer kicked the Plaintiff multiple times.

14.     Defendant Mercer during the false arrest hit the Plaintiff with the door of his patrol vehicle multiple times.

2

15.    Defendant Mercer went on to file a report with gross inaccuracies relevant to this incident.

16.    As a result of Defendants' actions Plaintiff suffered physical pain and extreme emotional and mental distress.

*First Cause of Action*
Unlawful use of Force as to All Defendants 42 U.S.C. § 1983

17.    Plaintiff Jamie Mason was subjected to an unlawful, unreasonable and excessive use of force perpetrated by Defendant Nicholas Mercer, during the course of the February 24, 2023 incident as described herein as repeatedly kicking Plaintiff, and slamming the patrol vehicle door on the Plaintiffs legs.

18.    The actions of defendant Mercer display a deliberate indifference to the clearly established right of Plaintiff to be free from unlawful, unreasonable, and excessive force.

19.    At all times relevant to the claims alleged herein, Defendant Vic Regalado was the duly-elected Sheriff of Tulsa County, Oklahoma, and was therefore the final policymaker of the Sheriff's office, statutorily vested with the authority and obligation to hire, fire, train, supervise and discipline the deputies under his command, and otherwise grant authority to his deputies to act under color of Oklahoma law, making Defendant Regalado, in his capacity as Sheriff, the employer of Defendant Mercer.

20.    As a direct and proximate cause of the actions of the Defendant Plaintiff has suffered injury

21.    Consequently, Plaintiff is entitled to damages and other relief as set forth herein.

*Second Cause of Action*
Unlawful Seizure of a Person 42 U.S.C. § 1983

22.     Defendant Nicholas Mercer unlawfully seized Plaintiff's person by exerting unlawful excessive force upon Plaintiff, rendering Plaintiff unable to move or leave the area.

23.     Defendant Nicholas Mercer acknowledged that the Plaintiff had not been stopped or pulled over by him during the traffic stop.

24.     Plaintiff was at all times free to go.

25.     Defendant Mercer became irate at the fact that Plaintiff was attempting to film or otherwise monitor the interaction between defendant and the Plaintiff's son.

26.     Defendant ordered Plaintiff to observe from a distance and directed the Plaintiff to stand by the wall.

27.     Plaintiff followed the instructions of Defendant Mercer and continued to exercise his constitutionally protected right of free speech.

28.     Defendant based on the fact that Plaintiff continued to exercise his right, arbitrarily and unlawfully seized the person of the Plaintiff and placed him under arrest.

29.     At all times relevant to the claims alleged herein, Defendant Vic Regalado was the duly-elected Sherriff of Tulsa County, Oklahoma, and was therefore the final policymaker of the Sheriff's office, statutorily vested with the authority and obligation to hire, fire, train, supervise and discipline the deputies under his command, and otherwise grant authority to his deputies to act under color of Oklahoma law, making Defendant Regalado, in his capacity as Sheriff, the employer of Defendant Mercer.

30.     As a direct and proximate result of the actions by the Defendant as described herein Plaintiff suffered injury

31.     Consequently, Plaintiff is entitled to damages and other relieve as set forth herein.

4

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Cecil Guthrie prays this Court will grant the following:

A.  Award Plaintiff all actual damages, including those emanating from the physical pain, mental

anguish, and emotional distress in excess of Seventy-five thousand dollars ($75,000).

B.  Award Plaintiff punitive damages to the extent permitted by law.

C.  Declare that the excessive use of force and unlawful seizure by Defendants against Plaintiff,

as described herein, is unconstitutional as a matter of law.

D.  Award attorney's fees under 42 U.S.C.A. § 1988(b) and any other applicable provision of

law.

E.  Award any and all further relieve this Court deems just and equitable.

Respectfully submitted,

Johnson Cephas Law PLLC

By: _____

Cordal Cephas, 33857
Lashandra Peoples-Johnson, 33995

Johnson Cephas Law PLLC
6931 S 66th E Avenue Suite 105
Tulsa, Oklahoma 74133
Telephone: (918) 992-6890
cordal@johnsoncephaslaw.com
lashandra@johnsoncephaslaw.com
Attorneys for Jamie Mason

ATTORNEY LIEN CLAIMED.