UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

JAMIE MASON,                                    )
                                                )
              Plaintiff,                         )
                                                )
       v.                                       )       Case No. 25-CV-00682-CVE-SH
                                                )
TULSA COUNTY BOARD OF                           )
COUNTY COMMISSIONERS,                           )
VIC REGALADO, in his                            )
official capacity, and                          )
NICHOLAS MERCER, in his                         )
individual capacity,                            )
                                                )
              Defendants.                        )

**OPINION AND ORDER**

Now before the Court are the motion to dismiss for failure to state a claim filed by defendant

Sheriff Vic Regalado (Dkt. # 11), and the motion to dismiss for failure to state a claim filed by

defendant Tulsa County Board of County Commissioners (Dkt. # 12).

**I.**

On November 17, 2025, plaintiff Jamie Mason filed a petition in Tulsa County District Court,

alleging various violations of his Fourth Amendment rights arising out of his arrest, which he states

was the result of his filming a traffic stop conducted by Deputy Officer Nicholas Mercer. Dkt. # 2-1,

¶¶ 7-11; Dkt. # 10, ¶¶ 9-15. In his petition, plaintiff names three defendants: Tulsa County Board

of County Commissioners (BOCC); Sheriff Vic Regalado, in his official capacity; and Officer

Nicholas Mercer, in his individual capacity. Dkt. # 2-1. On December 18, 2025, Regalado and the

BOCC removed the action to this Court. Dkt. # 2, at 1. Plaintiff filed a first amended complaint,

as a matter of course, in January 2026. Dkt. # 10; see also Dkt. # 19. Therein, he attempts to state

four claims: three claims against Mercer for false arrest (count one), excessive force (count two), and

malicious prosecution (count three), each arising under 42 U.S.C. § 1983; and one claim for municipal liability against Regalado, in his official capacity as sheriff, under § 1983 (count four). On February 4, 2026, Regalado and the BOCC each filed motions to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. # 11; Dkt. # 12.

Plaintiff's responses to Regalado and the BOCC's motions were due on February 25, 2026, twenty-one days after the motions were filed. See LCvR7-1(e) (setting out that a party's response is due "within twenty-one days from the date the motion was filed"). However, plaintiff failed to timely file a response to either motion. On March 27, 2026, the Court issued an order, in which it "g[a]ve [plaintiff] an opportunity to file responses before ruling on the motions." Dkt. # 20, at 1. The Court gave plaintiff until April 10, 2026, a forty-five day extension of time, in which to file responses. Id. It also warned plaintiff that failure to respond could result in dismissal. Id. Plaintiff has, to date, not filed a response to either of the two motions.

## II.

In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court must determine whether the claimant has state a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain "enough facts to state a claim to relief that is plausible on its face," and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 570, 555 (citing 5 WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 1216 (3d ed. 2004)). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. For the purpose of

making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to a claimant.  Id. at 555, 563.  However, a court need not accept as true those allegations that are conclusory in nature.  Erikson v. Pawnee Cnty. Bd. of Cnty. Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001).  "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

**III.**

Defendants Regalado and the BOCC move to dismiss plaintiff's amended complaint under Rule 12(b)(6).  Dkt. # 11; Dkt. # 12.  Regalado argues that plaintiff fails to state a claim upon which relief can be granted against him in his official capacity as sheriff of Tulsa County because plaintiff fails to plead a viable theory of municipal liability, based on a failure to allege that a specific policy, custom, or practice promulgated by Regalado caused an alleged deprivation of plaintiff's constitutional rights, and because plaintiff fails to plead a viable theory of respondeat superior, based on a failure to alleged that Regalado was deliberately indifferent to an obvious risk that arose from not training, supervising, or disciplining deputies, despite an obvious need.  Dkt. # 11, at 1.  The BOCC argues that plaintiff fails to state a claim upon which relief may be granted because plaintiff contravenes settled Oklahoma law by pursuing both a county officer in his official capacity, here Regalado, and the BOCC; the BOCC argues that plaintiff is effectively suing the county twice for the same offense.  Dkt. # 12, at 3 (citing OKLA. STAT. tit. 12, § 2025(D)(2); OKLA. STAT. tit. 19, §§ 4, 6).  The BOCC also argues that plaintiff fails to allege any facts in support of a theory of liability that would implicate the BOCC and, more specifically, that plaintiff fails to name the BOCC in any

of the four claims for relief.  Id. at 6, 8.  The BOCC argues, on the same grounds as Regalado, that plaintiff does not meet the minimum pleading standard required to pursue a theory of municipal liability.  Id. at 8-9.  Finally, both defendants assert that plaintiff is not entitled to punitive damages against either government defendant under well-settled law, stated plainly both in U.S. Supreme Court precedent and Oklahoma law.  Dkt. # 11, at 9; Dkt. # 12, at 9-10.  The Court addresses each defendant's motion in turn.

**A.**

With respect to Regalado's motion to dismiss, the Court first notes that plaintiff has twice failed to timely respond to Regalado's motion to dismiss.  The Court has not only offered plaintiff an extension of time in which to file a response, but also warned plaintiff of the possibility of dismissal in no uncertain terms.  Dkt. # 20, at 1.  And yet, plaintiff has filed no response to Regalado's motion to dismiss.  Despite plaintiff's lack of response, the Court will nevertheless examine the merits of Regalado's motion.

Even if plaintiff had responded to Regalado's motion to dismiss, plaintiff's amended complaint would still be subject to dismissal under Rule 12(b)(6) for plaintiff's failure to sufficiently allege either a theory of municipal liability or a theory of respondeat superior liability under which Regalado would be subject to suit in his official capacity.  Oklahoma law permits a litigant to pursue claims against a county officer in his official capacity, OKLA. STAT. tit. 12, § 2025(D)(2); OKLA. STAT. tit. 19, §§ 4, 6, and a suit against an officer in his official capacity is tantamount to suing the county, see Kentucky v. Graham, 473 U.S. 159, 166 (1985) ("As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."); Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690

n.55 (1978) ("[The] holding today that local governments can be sued under § 1983 necessarily decides that local government officials sued in their official capacities are 'persons' under § 1983 in those cases in which, as here, a local government would be suable in its own name.").  For a county to be liable based on the acts of its employees, that employee's actions must have been the result of the unconstitutional acts of the county, usually shown to be the result of a policy, custom, or practice attributable to the municipality.  Monell, 436 U.S. at 694 (holding that a local government can be liable under § 1983 "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983"); City of Canton v. Harris, 489 U.S. 378, 385 (1989); Brown v. City of Tulsa, 124 F.4th 1251, 1264 (10th Cir. 2025).  Examples of policies include policy statements, ordinances, regulations, or decisions officially adopted and promulgated by officers of the municipality.  Monell, 436 U.S. at 690.  The underlying policy or custom need not be formal; a showing in the form of an informal custom that creates widespread practices, a decision by an employee with final policymaking authority, ratification by a final policymaker of decisions by subordinates to whom authority was delegated, or a deliberately indifferent failure to adequately train or supervise employees can also meet the pleading standard for a § 1983 claim against a municipality.  Pyle v. Woods, 874 F.3d 1257, 1266 (10th Cir. 2017) (citing Brammer-Hoelter v. Twin Peaks Charter Acad., 602 F.3d 1175, 1189 (10th Cir. 2010)).  Regardless of the method by which a plaintiff chooses to plead it, that policy or custom must be alleged to be the "moving force [behind] the constitutional violation" at issue.  City of Canton, 489 U.S. at 389 (alteration in original).

At the motion to dismiss stage, plaintiff "must allege facts sufficient to show (assuming they are true) that the defendants plausibly violated [his] constitutional rights, and that those rights were clearly established at the time," essentially requiring "enough allegations to give the defendants notice of the theory under which [his] claim is made." Robbins v. Oklahoma, 519 F.3d 1242, 1249 (10th Cir. 2008). Plaintiff alleges that Regalado "maintained unconstitutional customs and practices" and "failed to adequately train, supervise, and discipline deputies despite an obvious need." Dkt. # 10, ¶¶ 37, 38. Plaintiff offers a list of vague "custom[s] and practice[s]" such as "permitting deputies to arrest or detain individuals who record, observe, question, or otherwise engage in protected activity during law-enforcement encounters, without probable cause," as well as a list of broad topics on which training, supervision, and discipline were lacking, such as on "[t]he constitutional limits on force during arrest and transport." Id. As Regalado argues, plaintiff fails to "identify any specific policy promulgated by the Sheriff responsible for [plaintiff's] constitutional harm." Dkt. # 11, at 6. Plaintiff's amended complaint reads as the very "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, [that] do not suffice" to give a defendant notice of the claims against him. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Plaintiff's amended complaint fatally fails to identify what specific policy, custom, or practice led to an underlying constitutional violation, or that the policy, custom, or practice was the moving force behind the alleged Fourth Amendment violations.

Nor does plaintiff plead that any specific failure by Regalado to train, supervise, or discipline deputies, despite an obvious need, led to a deprivation of a constitutional right. A claim of deliberate indifference based on a theory of respondeat superior requires a showing that the "municipality has actual or constructive notice that its actions or failure to act is substantially certain to result in a

constitutional violation, and it consciously or deliberately chooses to disregard the risk of harm."
Barney v. Pulsipher, 143 F.3d 1299, 1307 (10th Cir. 1998). A showing of notice generally takes the form of "the existence of a pattern of tortious conduct," but it can also be shown, in very limited instances, through a violation of federal rights that is "'highly predictable' or 'plainly obvious.'" Id.; id. at 1308 (quoting Bd. of Cnty. Comm'rs v. Brown, 520 U.S. 397, 398 (1997)). Plaintiff's allegations as to the municipality's actual or constructive notice that its actions or failure to act are substantially certain to result in a constitutional violation are so overly broad, they cannot be construed to give Regalado any meaningful notice as to the claims against him regarding the types of training, supervision, or discipline that led to this alleged constitutional violation. See Dkt. # 10, ¶ 38. Plaintiff alleges that purported "prior citizen complaints" and/or "prior incidents or lawsuits alleging similar misconduct" could have provided the Regalado with notice of these failures (Id. ¶ 40), but plaintiff neglects to identify, either in his amended complaint or in a response to this motion, to what incidences he is citing. Plaintiff offers nothing more than a general assertion that some kind of "prior incidences" may have occurred that should have given Regalado notice that an unspecified policy would be substantially certain to result in a constitutional violation.

As plaintiff does not allege that a pattern of tortious conduct exists, plaintiff's only means of prevailing on a claim of deliberate indifference is to show that a violation of a federal right was highly predictable or plainly obvious based on the municipality's behavior. A § 1983 claim under a single-incident theory of municipal liability for deficient training requires that plaintiff make a three-part showing for deliberate indifference: "(i) the municipality's policymakers 'know to a moral certainty that their employees will confront a given situation'; (ii) the situation 'presents the employee with a difficult choice of the sort that training or supervision will make less difficult'; and

(iii) '[t]he wrong choice will frequently cause the deprivation of a citizen's constitutional rights.'" Valdez v. Macdonald, 66 F.4th 796, 817 (10th Cir. 2023) (quoting Lance v. Morris, 985 F.3d 787, 802 (10th Cir. 2021)). On this issue, plaintiff asserts only that "the need for training, supervision, and discipline on these subjects is obvious because deputies routinely encounter citizen [sic] who record police activity and because arrests and uses of force predictably create a high risk of constitutional injury when deputies are not properly trained and supervised." Id. ¶ 39. Yet again, plaintiff's allegation is a broad recitation of general elements of the claim, and this one assertion fails to meet any of the three parts required for a showing of deliberate indifference under a single-incident theory for municipal liability. The Court cannot, therefore, conclude that the alleged constitutional violations are the product of either a failure to train, supervise, or discipline deputies despite an obvious need, nor are they the product of a custom, policy, or practice by the municipality, which was the moving force behind the constitutional violation at issue. See City of Canton, 489 U.S. at 389. Count four of plaintiff's amended complaint, for municipal liability against Regalado, in his official capacity, under § 1983, is properly subject to dismissal.

Finally, Regalado argues that plaintiff is barred from seeking punitive damages against a governmental defendant. Dkt. # 11, at 9. It is well established that a plaintiff may not recover punitive damages against a municipality for a claim brought under § 1983. City of Newport v. Fact Concerts, Inc., 247 U.S. 270-71 (1981); Youren v. Tintic School Dist., 343 F.3d 1296, 1307 (10th Cir. 2003). As discussed above, a claim against a sheriff in his official capacity is treated as a claim against a municipality. See supra. Plaintiff's claim against Regalado is against him only in his official capacity; plaintiff's request for relief in the form of punitive damages is thus barred by law.

For these reasons, the Court finds that plaintiff fails to state a claim upon which relief may be granted as to Regalado and must grant Regalado's motion to dismiss.

**B.**

Plaintiff's claim against the BOCC suffers from even more infirmities than those against Regalado. First, plaintiff again failed to respond to the BOCC's motion to dismiss (Dkt. # 12), even after the Court reminded plaintiff of the possibility of dismissal and gave plaintiff an extension of time in which to respond to the BOCC's motion to dismiss (Dkt. # 20). Plaintiff has failed to respond, but the Court will, nevertheless, address the merits of the BOCC's motion to dismiss.

Plaintiff alleges four claims in his amended complaint, three against Mercer and one against Regalado. Dkt. # 10, ¶¶ 20-43. Nowhere in plaintiff's amended complaint does he allege any claim against the BOCC. Under Oklahoma law, the BOCC is "statutorily separate and distinct from the independently elected sheriff." Winters v. Board of Cnty. Comm'rs, 633 F. App'x 684, 690 (10th Cir. 2015) (unpublished).[1] The BOCC also has "no statutory duty to hire, train, supervise, or discipline county sheriffs or deputies." Est. of Crowell ex rel. Boen v. Bd. of Cnty. Comm'rs, 237 P.3d 134, 142 (Okla. 2010). Instead, it is the sheriff, Regalado, who is responsible for employing undersheriffs and deputy sheriffs, and he is responsible for their official acts. See OKLA. STAT. tit. 19, §§ 516, 547, and 548 (delineating the sheriff's authority). The BOCC has neither authority nor control over the sheriff. See OKLA. STAT. tit. 19, § 339 (delineating the BOCC's powers). The BOCC cannot, therefore, be held liable under a theory of respondeat superior as Regalado's employer. See Winters, 633 F. App'x at 690; Bristol v. Bd. of Cty. Comm'rs, 312 F.3d 1213, 1215

---

[1] Unpublished decisions are not precedential but may be cited for their persuasive value. See FED. R. APP. 32.1; 10TH CIR. R. 32.1.

(10th Cir. 2002) (en banc). "The County may be held liable under [federal law violations] only for its own unconstitutional or illegal policies," not for the acts of others. Pulsipher, 143 F.3d at 1307. The Court has reviewed plaintiff's amended complaint and finds that there are no facts set forth in it that can be construed as alleging any act or conduct or as stating a plausible claim against the BOCC. Plaintiff fails to allege that the BOCC did anything improper or that it maintained, promulgated, or supervised the creation of either the sheriff's or Tulsa County Sheriff's Office policies.

Even if the Court were to construe the fourth cause of action, for "Municipal Liability (Monell) (42 U.S.C. § 1983) (Against Sherriff [sic] Regalado – Official Capacity)," against the BOCC, plaintiff's claims would still be subject to dismissal. The BOCC argues that any claims against it should be dismissed because suit against it and against Regalado is duplicative under Oklahoma law. Dkt. # 12, at 3 (citing OKLA. STAT. tit. 19, § 4). Several other courts have examined this issue and concluded that when a plaintiff brings suit against both the BOCC and the sheriff, in his official capacity, dismissal of the BOCC is warranted, as claims against it are both unnecessary and duplicative. See, e.g., Pack v. Jim, No. 25-CV-42-JDR, 2025 WL 2214564, at *6 (N.D. Okla. July 1, 2025); Logan v. Regalado, No. 20-CV-303-GKF, 2021 WL 796144, at *3 (N.D. Okla. Mar. 2, 2021); Wirtz v. Regalado, No. 18-CV-599-GKF, 2020 WL 1016445, at *6 (N.D. Okla. Mar. 2, 2020); Woolley v. Bd. of Cnty. Comm'rs, No. 21-CV-159-SLP, 2025 WL 1707641, at *9 (E.D. Okla. June 18, 2025); Bowens v. Bd. of Cnty. Comm'rs, No. 19-CV-314-C, 2020 WL 2892670, at *2 (W.D. Okla. June 2, 2020); Kirkendall-Heller v. Bd. of Cnty. Comm'rs, No. 21-CV-011-F, 2021 WL 2371348, at *1 (W.D. Okla. June 9, 2021); Foreman v. Okla. Cnty. Sheriff, No. 21-CV-1062-F, 2022 WL 2513384, at *2 (W.D. Okla. July 6, 2022). In this case, the Court agrees that, because the

allegations contained in plaintiff's amended complaint relate to law enforcement duties, the sheriff, in his official capacity, would be the correct defendant against whom to bring suit for an alleged § 1983 violation arising out of an arrest. See OKLA. STAT. tit. 19, §§ 4, 131, 516, 547. Given the nature of his claims and the fact that he already alleges one count of municipal liability against the sheriff, plaintiff's claims against the BOCC are duplicative and subject to dismissal.

Finally, even if plaintiff had responded to the BOCC's motion to dismiss, even if plaintiff had alleged a claim against the BOCC, and even if plaintiff had not brought duplicative claims against the sheriff and the BOCC, plaintiff's claim against the BOCC would still be subject to dismissal on the same grounds as those discussed above with respect to Regalado, for failing to allege a viable theory of municipal liability. Additionally, as was the case with Regalado, plaintiff's request for award of punitive damages against the BOCC is barred, since an award of punitive damages from the BOCC would contravene well-established law. City of Newport, 453 U.S. at 247; OKLA. STAT. tit. 51, § 154(C) ("No award for damages in an action or any claim against the state or a political subdivision shall include punitive or exemplary damages."). For these reasons, the Court finds that plaintiff fails to state a claim against the BOCC and grants the BOCC's motion to dismiss.

**IT IS THEREFORE ORDERED** that the motion to dismiss by Sheriff Vic Regalado, in his official capacity (Dkt. # 11), and the motion to dismiss by Tulsa Board County Board of County Commissioners (Dkt. # 12) are **granted**. Plaintiff's 42 U.S.C. § 1983 claim against Sheriff Vic Regalado, in his official capacity (count four) is **dismissed**.

**IT IS FURTHER ORDERED** that Sheriff Vic Regalado, in his official capacity, and Tulsa County Board of County Commissioners are **dismissed as parties**.

11

**DATED** this 14th day of May, 2026.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE