**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **JAMIE MASON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 25-CV-0682-CVE-SH** |
| | ) | |
| **NICHOLAS MERCER, in his individual capacity,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

**OPINION AND ORDER**

Before the Court is defendant Nicholas Mercer's motion to dismiss (Dkt. # 29) plaintiff's first amended complaint with prejudice. Plaintiff Jamie Mason has opposed the motion (Dkt. # 32), and defendant has replied (Dkt. # 33).

**I.**

On November 17, 2025, plaintiff filed a petition in Tulsa County District Court, alleging various violations of his Fourth Amendment rights arising out of his arrest, which he states was the result of his filming a traffic stop conducted by defendant Mercer. Dkt. # 2-1, ¶¶ 7-11; Dkt. # 10, ¶¶ 9-15. In his petition, plaintiff names three defendants: Tulsa County Board of County Commissioners (BOCC); Sheriff Vic Regalado, in his official capacity; and Deputy Officer Nicholas Mercer, in his individual capacity. Dkt. # 2-1. On December 18, 2025, the BOCC and Regalado removed the action to this Court. Dkt. # 2, at 1. Plaintiff filed a first amended complaint, as a matter of course, on January 21, 2026. Dkt. # 10; see also Dkt. # 19. Therein, he alleges four claims: three claims against defendant Mercer for false arrest, excessive force, and malicious prosecution, each arising under 42 U.S.C. § 1983; and one claim for municipal liability against the BOCC and Regalado, in his official capacity, under § 1983. Dkt. # 10. On February 4, 2026, the BOCC and

Regalado each filed motions to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. # 11; Dkt. # 12. Plaintiff did not file a response to either of the two motions. On May 14, 2026, the Court granted dismissal of the claims against defendants BOCC and Regalado, who were then dismissed as parties. See Dkt. # 31. The three claims against defendant Mercer, who is now the sole defendant, remain.

Plaintiff alleges that on February 24, 2023, defendant performed a traffic stop of a vehicle involved in an improper tow. Dkt. # 10, at 2. Plaintiff was present at the scene but was not the driver of the vehicle stopped by defendant. Id. Defendant advised plaintiff that "he was not the individual stopped" and requested that plaintiff "take a step back from the scene." Id. Plaintiff complied with defendant's request. Id. At some point, plaintiff began filming the traffic stop. Id. Plaintiff alleges that after defendant noticed he was filming the interaction, defendant decided to arrest plaintiff, despite previously advising plaintiff that he was "free to go." Id. Plaintiff attempted to walk away, and then defendant arrested plaintiff. Id. Plaintiff alleges that defendant arrested plaintiff "without probable cause and in retaliation for Plaintiff's protected activity of recording and observing a law enforcement encounter." Id. at 3. Plaintiff alleges that, during the arrest, defendant used objectively unreasonable force by repeatedly kicking plaintiff and repeatedly striking plaintiff with the door of defendant's patrol vehicle. Id. Plaintiff further alleges that defendant prepared, or caused to be prepared, "reports and statements about this incident that contained material inaccuracies and omissions and were used to justify Plaintiff's arrest and prosecution." Id. As a result of defendant's action, plaintiff alleges that he suffered "physical injury, pain, emotional distress, loss of liberty, and other damages." Id.

Plaintiff's first claim for relief alleges that defendant violated plaintiff's Fourth Amendment rights by arresting him without probable cause, as defendant informed plaintiff that he was free to leave and plaintiff was not the subject of the traffic stop. Id. Plaintiff's second claim for relief alleges that defendant used excessive and objectively unreasonable force by repeatedly kicking plaintiff and repeatedly striking plaintiff with the door of the patrol car during the arrest, in violation of the Fourth Amendment. Id. at 3-4. Finally, plaintiff's third claim for relief alleges malicious prosecution for initiating or causing the initiation of criminal proceedings against plaintiff without probable cause, on the basis of material misstatements and omissions, and with malicious or reckless disregard for plaintiff's rights. Id. at 4.

**II.**

The Court first turns to the issue of whether plaintiff has stated a claim for relief. In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. at 555, 570 (citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Twombly, 550 U.S. at 562. Although decided within an antitrust

context, Twombly "expounded the pleading standard for all civil actions." Ashcroft, 556 U.S. at 684. For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to a claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee Cnty. Bd. of Cnty. Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991).

The Court briefly addresses whether it can consider evidence outside of the pleadings in ruling on the motion to dismiss. Defendant asks the Court to take judicial notice of defendant's arrest and booking report and probable cause narrative (Dkt. #29-1), which was reviewed by a Tulsa County District Court judge for a determination of probable cause. Based on defendant's probable cause narrative, the Tulsa County District Court judge found that "there is probable cause to detain the arrestee pending further proceedings." Id. "Ordinarily, consideration of material attached to a defendant's answer or motion to dismiss requires the court to convert the motion into one for summary judgment . . . ." Tal v. Hogan, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." Smith v. United States, 561 F.3d 1090, 1098 (10th Cir. 2009) (internal quotation omitted). The limited class of evidence outside of the complaint that can be considered in ruling on a motion to dismiss typically applies only to a document that "qualifies as a 'written

instrument,' which is a legal document that defines rights, duties, entitlement, or liabilities, such as a statute, contract, will, promissory note, or share certificate." Mundt v. Gadziala, 2024 WL 5087212, at *5 (10th Cir. Dec. 12, 2024) (unpublished) (quoting Smith v. Hogan, 794 F.3d 249, 254 (2d Cir. 2015)).[1] Here, defendant's arrest and booking report and probable cause narrative do not constitute a written instrument for purposes of ruling on the motion to dismiss. Still, a court may take judicial notice of facts that are a matter of public record without converting a motion to dismiss into one for summary judgment. See Tal, 453 F.3d at 1264 n.24 (10th Cir. 2006); Rose v. Utah State Bar, 471 F. App'x 818, 820 (10th Cir. 2012) (noting this includes state-court filings). When a court takes judicial notice of documents, it may do so only to "show their contents, not to prove the truth of the matters asserted therein." Tal, 453 F.3d at 1264 n.24. Plaintiff disputes the accuracy and veracity of defendant's probable cause narrative. See Dkt. # 32. Accordingly, the Court takes judicial notice of the arrest and booking report and probable cause determination; however, the Court will not credit the contents of either over the allegations in the first amended complaint. See id. at 4 (plaintiff's response in opposition to defendant's motion to dismiss, agreeing that the Court may take judicial notice that a state judge made a probable cause determination).

**III.**

Plaintiff brings his claims for relief against defendant pursuant to § 1983. Section 1983 creates a cause of action against state officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution." 42 U.S.C. § 1983; Becker v. Kroll, 494 F.3d 904, 913 (10th Cir. 2007). To state a claim under § 1983, a plaintiff must make two showings: first, he must

---

[1] This and other cited unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

allege "the violation of a right secured by the Constitution and laws of the United States," and second, he must "show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

**A. False Arrest**

With respect to the first showing under § 1983, an arrest can give rise to a violation of the Fourth Amendment if the arresting officer lacks probable cause for a warrantless arrest. Stearns v. Clarkson, 615 F.3d 1278, 1282 (10th Cir. 2010) ("Generally, a warrantless arrest is constitutionally valid when an officer has probable cause to believe that the arrestee committed a crime."); Romero v. Fay, 45 F.3d 1472, 1476 (10th Cir. 1995) ("We analyze the constitutionality of a warrantless arrest under the probable cause standard. A police officer may arrest a person without a warrant if he has probable cause to believe that person committed a crime." (citations omitted)). Conversely, a claim for unlawful arrest is precluded if "the officers' conclusions rest on an objectively reasonable, even if mistaken, belief that probable cause exists." Stonecipher v. Valles, 759 F.3d 1134, 1141 (10th Cir. 2014); see also Smith v. Barber, 316 F. Supp. 2d 992, 1021 (D. Kan. 2004) ("A false arrest claim will fail where probable cause exists for at least one of the charges against a plaintiff in a § 1983 claim."). "Probable cause to arrest exists where, 'under the totality of the circumstances,' a 'reasonable person' would believe 'that an offense has been . . . committed' by 'the person arrested.'" United States v. Martin, 613 F.3d 1295, 1302 (10th Cir. 2010) (quoting United States v. Muoz-Nava, 524 F.3d 1137, 1144 (10th Cir. 2008)); see also Jones v. City & Cnty. of Denv., 854 F.2d 1206, 1210 (10th Cir. 1988) ("Probable cause exists if facts and circumstances within the arresting officer's knowledge and of which he or she has reasonably trustworthy information are sufficient to lead a prudent person to believe that the arrestee had committed or is committing an

offense."); United States v. Lopez, 777 F.2d 543, 551 (10th Cir. 1985) ("[P]robable cause must be evaluated in relation to the circumstances as they would have appeared to a prudent, cautious and trained police officer."). The inquiry is an objective, not subjective, one that simply requires a showing of probable cause for "some offense." Morris v. Noe, 672 F.3d 1185, 1192-93 (10th Cir. 2012) (emphasis in original). Moreover, probable cause is not a "precise quantum of evidence" but rather "something 'more than a bare suspicion.'" Stonecipher, 759 F.3d at 1141 (quoting Kerns v. Bader, 663 F.3d 1173, 1188 (10th Cir. 2011)).

Here, plaintiff has failed to plead sufficient facts to prove the lack of probable cause for his arrest. To begin, plaintiff does not inform the Court of the offense(s) for which he was arrested. As such, the Court cannot assess, based only on the first amended complaint, whether there was probable cause to believe that plaintiff committed the offense(s) for which he was arrested. Taking judicial notice of the offenses listed in defendant's arrest and booking report (Dkt. 29-1), which are (1) obstructing an officer, (2) resisting arrest, (3) improper standing on roadway, and (4) improper tow, plaintiff fails to plead sufficient facts to prove that there was no probable cause for any one of those offenses. Plaintiff's false arrest claim boils down to: defendant performed a traffic stop for an improper tow; plaintiff was "present at the scene" but not the driver of the vehicle stopped by defendant; defendant informed plaintiff that he was "free to go"; defendant noticed plaintiff was filming; plaintiff tried to walk away; and then defendant arrested plaintiff. Dkt. # 10, at 2.

Plaintiff does little to show that his presence at the scene did not give defendant reason to believe that there was probable cause to arrest plaintiff for any of the offenses included in the arrest and booking report. Plaintiff provides minimal detail as to his involvement in the improper tow, such as whether he was a passenger in the vehicle stopped by defendant or an unrelated bystander.

Although plaintiff alleges that he was not the driver of the vehicle stopped by defendant, that is not sufficient to prove that defendant lacked probable cause to arrest plaintiff. Similarly, that defendant told plaintiff he was free to go does not sufficiently prove that probable cause did not arise later on. In fact, from the first amended complaint, it is not evident when defendant informed plaintiff that he was free to go.

Further, plaintiff does not allege sufficient facts regarding his recording of defendant for the Court to determine whether there was probable cause for his arrest. Although there is a First Amendment right to record the police performing their duties in public, see Irizarry v. Yehia, 38 F.4th 1282, 1294 (10th Cir. 2022), plaintiff does not provide sufficient facts to prove that his conduct throughout the interaction did not give defendant probable cause to believe that plaintiff committed a crime. It is not enough to merely allege a First Amendment right to record the police; rather, plaintiff must plead facts that prove that defendant lacked probable cause, such as facts detailing how far away plaintiff was while recording or whether plaintiff's recording activities obstructed defendant's police activity.

Plaintiff cannot merely state that defendant lacked probable cause to arrest him; plaintiff must actually plead sufficient facts to prove that absence of probable cause for any one of the offenses for which plaintiff was arrested. As such, plaintiff should have pled sufficient facts to show that he did not obstruct or interfere with defendant's police activity in any manner, including by recording; that he did not resist arrest; that he was not improperly standing on a roadway; and that he was not involved in an improper tow. Without sufficient facts to prove the circumstances and nature of the arrest, plaintiff cannot establish that defendant lacked probable cause to arrest him.

Other than alleging in a conclusory fashion that defendant arrested plaintiff in retaliation for recording, plaintiff does allege any facts to prove this point. For example, plaintiff does not allege that defendant made any statements that would tend to show that he arrested plaintiff in retaliation for recording. Plaintiff does not even provide facts about what transpired between his attempt to walk away and the arrest. This temporal jump in the first amended complaint is too vague to plausibly state a claim that defendant lacked probable cause. Without more, the Court cannot determine whether plaintiff was free to go at the moment that he walked away or whether probable cause arose at the time or after plaintiff attempted to walk away. Accordingly, because plaintiff has not pled sufficient facts showing that defendant lacked probable cause, plaintiff has failed to state a claim of false arrest.

**B. Excessive Force**

A police officer violates an arrestee's Fourth Amendment right to be free from excessive force during an arrest if the officer's actions were not "objectively reasonable" in light of the facts and circumstances confronting him. Graham v. Connor, 490 U.S. 386, 397 (1989). Reasonableness is evaluated under a totality of the circumstances approach by balancing the Graham factors: (1) the severity of the crime at issue, (2) whether the suspect poses an immediate threat to the safety of the officers or others, and (3) whether he is actively resisting arrest or attempting to evade arrest by flight. Id. at 396. A court must judge the amount of force used "from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." Est. of Larsen ex rel. Sturdivan v. Murr, 511 F.3d 1255, 1259 (10th Cir. 2008).

The Court finds that the facts alleged in the first amended complaint are insufficient to plausibly state a claim for excessive force against defendant. Plaintiff alleges that "[d]uring the

arrest," defendant repeatedly kicked and struck him with the door of the patrol vehicle. Dkt. # 10, at 3. Other than this short statement, plaintiff provides no facts for the Court to assess whether the force used was objectively reasonable based on the Graham factors. Plaintiff did not state in the first amended complaint the offenses for which he was arrested, so the Court cannot determine based on the first amended complaint the severity of the alleged crimes at issue. The offenses listed in defendant's arrest and booking report shed light on the severity of plaintiff's alleged crimes, but plaintiff does not provide facts to show that the force used was not commensurate with the severity of the offenses. Although plaintiff alleges that he "complied" with defendant's earlier request to "take a step back from the scene," plaintiff does not allege any facts to prove that he was compliant during the arrest such that defendant's use of force was unnecessary and therefore, objectively unreasonable. It is not enough for plaintiff to plead that defendant used force; plaintiff must plead facts proving that the amount of force used was objectively unreasonable. This requires providing facts to give context to the arrest such that the Court may determine that the amount of force used was not objectively reasonable. As it stands, the Court cannot make that determination. Although from plaintiff's response to defendant's motion to dismiss (Dkt. # 32) it is apparent that plaintiff disputes defendant's probable cause narrative, which states that plaintiff was a threat to defendant's safety and that plaintiff refused to enter the patrol car (Dkt. # 29-1, at 4), plaintiff does not plead facts from which the Court can determine that plaintiff did not actively resist arrest or attempt to evade arrest. Accordingly, plaintiff has failed to state a claim for excessive force because he has not alleged sufficient facts to prove that defendant's actions were not objectively reasonable.

**C. Malicious Prosecution**

A § 1983 malicious prosecution claim includes five elements: (1) the defendant caused the plaintiff's continued confinement or prosecution, (2) the original action terminated in favor of the plaintiff, (3) no probable cause supported the arrest, confinement, or prosecution, (4) the defendant acted maliciously, and (5) the plaintiff sustained damages. Shrum v. Cooke, 60 F.4th 1304, 1310 (10th Cir. 2023).

"[U]nlike a false arrest claim, malicious prosecution concerns detention only after the institution of legal process." Pollack v. Miller, 859 F. App'x 856, 860 (10th Cir. 2021). In a § 1983 action for malicious prosecution, "the principal player in carrying out a prosecution . . . is not police officer but prosecutor." Calvert v. Ediger, 415 F. App'x 80, 83 (10th Cir. 2011) (quoting Taylor v. Meacham, 82 F.3d 1556, 1563 n.8 (10th Cir. 1996)). "Accordingly, an officer typically does not proximately cause a malicious prosecution because the independent decisions of the prosecutor in bringing the charge and the court in issuing an indictment or warrant constitute superseding causes that break the chain of causation." Id. However, an officer can be liable for malicious prosecution if a causal connection can be established demonstrating that the prosecutor's and the court's actions were not truly independent causes, such as where the officer concealed or misrepresented facts to the prosecutor. Id.; see also Pierce v. Gilchrist, 359 F.3d 1279, 1291 (10th Cir. 2004).

Plaintiff fails to meet the pleading standard for virtually every element of a malicious prosecution claim. First, plaintiff did not even allege that he in fact was confined or prosecuted as a result of his arrest. Plaintiff makes only a conclusory statement that defendant lacked probable cause for the arrest but fails to include sufficient factual allegations from which the Court can conclude that there was no probable cause, as discussed in Part III.A. Although "malice may be

inferred if a defendant causes the prosecution without arguable probable cause," see Bledsoe v. Carreno, 53 F.4th 589, 615 (10th Cir. 2022), plaintiff fails to adequately plead lack of probable cause and makes only a conclusory allegation that defendant acted with malice. Accordingly, plaintiff also has not established that defendant acted maliciously.

Still, the principal defect with plaintiff's malicious prosecution claim is that plaintiff fails to prove that defendant is liable for plaintiff's prosecution or detention after the Tulsa County District Court judge's probable cause determination (Dkt. # 29-1, at 4). The Tulsa County District Court judge's probable cause determination breaks the causal link between the alleged wrongful arrest and malicious prosecution because it serves as an independent basis for plaintiff's prosecution and detention. Plaintiff contends that the Tulsa County District Court judge's probable cause determination cannot break the causal link because the judge relied on defendant's probable cause narrative, which contained materials misstatements and omissions. However, other than plaintiff's bare allegation that defendant made material misstatements and omissions, the first amended complaint contains no facts that would tend to prove that defendant in fact lied or omitted exculpatory facts in his probable cause narrative. Plaintiff does not point the Court to which statements are materially misleading or facts which defendant failed to include. Plaintiff argues that he is not required "to attach a redline of [defendant's] report or prove a Franks violation in the complaint" and that the "precise inaccuracies, omissions, materiality, and causal effect are proper subjects for discovery." Dkt. # 32, at 9. However, because plaintiff has alleged that defendant made material misstatements and omissions, plaintiff must provide factual allegations to support that defendant proximately caused the malicious prosecution. See Calvert, 415 F. App'x at 83. Although plaintiff is not required to attach a redline of the probable cause narrative, without any facts showing

that defendant made material misstatements or omissions, plaintiff's allegation is merely conclusory. Plaintiff cannot survive a motion to dismiss on conclusory allegations in the hopes of going on a fishing expedition during the discovery stage to prove his claims. On a motion to dismiss, the Court must disregard all conclusory allegations without supporting facts. Erikson, 263 F.3d at 1154-44. Accordingly, the Court finds that plaintiff has insufficiently pled the required elements for a claim of malicious prosecution.

**IT IS THEREFORE ORDERED** that defendant's motion to dismiss (Dkt. # 29) is **granted** pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff's first amended complaint (Dkt. # 10) is **dismissed without prejudice**.

**IT IS FURTHER ORDERED** that plaintiff may file, within **twenty-one (21) days** of the date of this opinion and order, or by **November 17, 2026**, a second amended complaint against defendant **IF** he can cure the deficiencies identified herein. **Failure to comply with the requirements set forth in this opinion and order will result in a dismissal**.

**DATED** this 27th day of October, 2026.

Claire V. Eagan

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE